O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY MAE STREETER,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STEEL WORKERS<br>LOCAL 7600 AFL-CIO-CLC,<br><br>    Defendants. | Case No. EDCV 07-1373-VAP (JCRx)<br><br>**[Motion filed on July 21, 2008]**<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

The Court has received and considered all papers filed in support of Defendant's Motion for Summary Judgment. The Motion is appropriate for resolution without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15. For the reasons set forth below, the Motion is GRANTED.

### I. BACKGROUND

On September 17, 2007, Plaintiff filed a Complaint ("Compl.") with the State of California Worker's Compensation Appeals Board, naming as Defendant United Steel Workers Local 7600, AFL-CIO-CLC and asserting one

claim for discrimination in violation of California Labor Code section 132a. Defendant removed the case to this Court on October 18, 2007, and answered the Complaint on February 6, 2008.

On July 21, 2008, Defendant filed this Motion for Summary Judgment ("Mot."), along with supporting declarations. Plaintiff did not file an Opposition.

## II. LEGAL STANDARD

A motion for summary judgment shall be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party must show that "under the governing law, there can be but one reasonable conclusion as to the verdict." Anderson, 477 U.S. at 250.

Generally, the burden is on the moving party to demonstrate that it is entitled to summary judgment. Margolis v. Ryan, 140 F.3d 850, 852 (9th Cir. 1998); Retail Clerks Union Local 648 v. Hub Pharmacy, Inc., 707 F.2d 1030, 1033 (9th Cir. 1983). The moving party bears the initial burden of identifying the elements of the claim or defense and evidence that it believes
///

demonstrates the absence of an issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the non-moving party has the burden at trial, however, the moving party need not produce evidence negating or disproving every essential element of the non-moving party's case. Celotex, 477 U.S. at 325. Instead, the moving party's burden is met by pointing out there is an absence of evidence supporting the non-moving party's case. Id.

The burden then shifts to the non-moving party to show that there is a genuine issue of material fact that must be resolved at trial. Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324; Anderson, 477 U.S. at 256. The non-moving party must make an affirmative showing on all matters placed in issue by the motion as to which it has the burden of proof at trial. Celotex, 477 U.S. at 322; Anderson, 477 U.S. at 252; see also William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 14:144.

A genuine issue of material fact will exist "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court construes the evidence in the light most favorable

1 | to the non-moving party.  Barlow v. Ground, 943 F.2d
2 | 1132, 1135 (9th Cir. 1991); T.W. Electrical Serv. Inc. v.
3 | Pacific Elec. Contractors Ass=n, 809 F.2d 626, 630-31
4 | (9th Cir. 1987).

### III. DISCUSSION

**A. Claim for Violation of California Labor Code section 132a**

Section 132a provides for a claim by an employee against an employer for discriminating against the employee because the employee has filed or intends to file a workers' compensation claim or because the employee testified in a workers' compensation proceeding. Cal. Labor Code § 132a.  It also provides a cause of action against an insurer who advises or directs an employer to discharge such an employee.  Id.

In her Complaint, Plaintiff does not allege that Defendant is her employee or an insurer.  Accordingly, she fails to state a claim for violation of Labor Code section 132a against Defendant.

**B. Claim for Breach of the Duty of Fair Representation**
   **1. Any Claim for Duty of Fair Representation is Preempted**

Plaintiff's Complaint alleges that Defendant "failed to represent [her] as a paying union member upon filing

of a workers compensation claim, suspension and termination of employment." (Compl. at 2.)

When a union has been selected as the exclusive representative of the employees in a bargaining unit, it has a duty under the National Labor Relations Act ("NLRA") to represent all members fairly. <u>Marquez v. Screen Actors Guild, Inc.</u>, 525 U.S. 33, 44 (1998). This duty of fair representation, however, is grounded in federal statutes, and federal law therefore governs any claim for a breach of the duty. <u>Vaca v. Sipes</u>, 186 U.S. 171, 177 (1967). "Consequently, state law is preempted whenever a plaintiff's claim invokes rights derived from a union's duty of fair representation." <u>BIW Deceived v. Local S6</u>, 132 F.3d 824, 830 (1st Cir. 1997); see also <u>Madison v. Motion Picture Set Painters and Sign Writers Local 729</u>, 132 F. Supp. 2d 1244, 1257 (C.D. Cal. 2000) (citing <u>BIW Deceived</u> and explaining that "although the Ninth Circuit has not yet directly addressed the issue, several district courts have adopted and applied the First Circuit's approach").

Here, Plaintiff's right to be represented by Defendant during her worker's compensation proceedings, suspension, and employment, if any, arises from the union's duty of fair representation under the NLRA.
///

Accordingly, Plaintiff's Complaint is preempted by the NLRA.

### 2. Any Claim for Breach of the Duty of Fair Representation is Barred by the Statute of Limitations

A claim for breach of the duty of fair representation is barred if not filed within six months of the alleged breach. See id. at 170-71 (holding that both claims against an employer under section 301 and against a union for breach of the collective bargaining agreement are subject to the six-month limitations period). Here, Defendant terminated Plaintiff's employment on September 29, 2006. (De Groot Decl. ¶ 31.) Plaintiff alleges no acts or omissions later than September 2006 which could form the basis of a claim for breach of the duty of fair representation. (See Compl.) She did not file her Complaint, however, until September 17, 2007. Accordingly, her claim is barred by the statute of limitations.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion for Summary Judgment. A judgment is issued concurrently with this Order.

Dated: August 27, 2008

VIRGINIA A. PHILLIPS
United States District Judge